IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| RONNIE KNEPPER <br> 843 Eastland Road <br> Waynesboro, Pennsylvania 17268 <br> <br> Plaintiff, <br> <br> v. <br> <br> VOLVO GROUP NORTH AMERICA <br> 7900 National Service Road <br> PO Box 26115 <br> Greensboro, NC 27402-6115 <br> <br> and <br> <br> THE VOLVO GROUP NORTH AMERICA RETIREMENT PLAN, <br> 7900 National Service Road <br> PO Box 26115 <br> Greensboro, NC 27402-6115 <br> <br> Defendants. | Case No. 18-cv-02879 |

## **COMPLAINT**

NOW COMES, Plaintiff Ronnie Knepper ("Plaintiff" or "Mr. Knepper"), by and through his undersigned counsel, and bringing this Complaint against Defendant Volvo Group North America ("VGNA") and the Volvo Group North America Retirement Plan (the "VGNA Plan" or the "Plan"). Plaintiff seeks to enforce his rights guaranteed by federal law in the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*., alleging that Defendants have failed to properly calculate his pension benefit, have failed to pay benefits to which Plaintiff is legally entitled, have breached their fiduciary duties to him as a participant, and have failed in their

obligations to provide participants with proper information as required by the Employee Retirement Income Security Act ("ERISA").

## JURISDICTION & VENUE

1. This Court has jurisdiction over the subject matter of this suit pursuant to the 29 U.S.C. § 1132(e)(1) and 29 U.S.C. § 1131.

2. Venue is proper in this Court because Plaintiff worked for Defendant VGNA (and its predecessor) in this District, this District is the venue where some of the breaches took place, and Defendants may be found in this district. *See* 29 U.S.C. § 1132(e)(2).

## PARTIES

3. Plaintiff, by virtue of his employment with Mack Trucks ("Mack") and its successor employer VGNA is a participant in the Defendants' pension plans.

4. VGNA sponsors a pension benefit plan which is an "employee benefit plan" as defined in 29 U.S.C. § 1002(3), 29 U.S.C. § 1002(16)(B).

5. VGNA is the "Plan sponsor" of the Defendant VGNA Plan within the meaning of 29 U.S.C. § 1002(3), 29 U.S.C. § 1002(16)(B).

6. Defendant is the Plan Administrator and therefore a fiduciary of the Plan within the meaning of 29 U.S.C. § 1002(3), 29 U.S.C. § 1002(21).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff has exhausted all administrative remedies.

## FACTUAL ALLEGATIONS

8. Plaintiff is over the age of sixty-five.

9. Mr. Knepper worked for Mack from 1972 until 1991 as a non-union employee (19.1 years).

10. During the entire period of his employment, he worked at Mack, and later Volvo, facility in Maryland.

11. From the beginning of his employment until in or around June 1991, Plaintiff worked in positions that were not in a collective bargaining unit.

12. From November 1, 1986 through June 9, 1991, Mr. Knepper participated in the optional Contributory Pension Plan, a part of the Mack Non-Bargaining Unit Employees Plan ("Mack NBE Plan").

13. On or around November 1, 1986, Plaintiff became a participant in the Mack Contributory Pension Plan ("Mack Contributory Plan").

14. Mr. Knepper contributed to the Mack Contributory Plan through payroll deductions.

15. In or around 1991, Plaintiff's job at Mack was converted into a bargaining unit position covered by a collective bargaining agreement between Mack and the United Auto Workers ("UAW").

16. When Plaintiff's job was moved into the UAW bargaining unit, he became a participant in the Mack/UAW Pension Plan ("Mack/UAW Plan").

17. At that time, Plaintiff began to accrue rights to benefits under the Mack/UAW Plan that were independent from any rights to benefits he had accrued under the Contributory Plan.

18. After June 9, 1991, Mr. Knepper became an inactive participant in the Contributory Pension Plan.

19. As an inactive participant, Mr. Knepper no longer contributed to the plan, but his accumulated funds remained in the plan.

20. Mr. Knepper worked for Mack (and later VGNA) from 1991 through 2013 (22 years).

21. On or around May 1, 2000, VGNA purchased Mack, and Mack employees, including Plaintiff, became VGNA employees.

22. In or around 2006, the NBE Plan merged into the VGNA Plan.

23.  As a result, Plaintiff is now entitled to benefits from the VGNA Plan.

24. Mr. Knepper retired from VGNA on August 1, 2013.

25. At the time he ceased employment at Volvo, he was given incomplete information as to his available retirement benefits.

26. Because Defendants had provided him with incomplete and incorrect information as to his benefit entitlements, Plaintiff did not sign the paperwork that VGNA and/or Plan representatives told him he had to sign to begin receiving benefits.

27. As a result of Plaintiff's reasonable reluctance and refusal to sign, for fear that he would arguably be waiving his right to be paid the correct benefit amounts, Plaintiff has not received the proper benefits from the VGNA Plan or the predecessor Mack/UAW Plan.

28. Defendants failed to correctly calculate Mr. Knepper's benefit payable from the Contributory Pension Plan.

29. When Plaintiff voluntarily ceased his employment at Volvo in 2013 and applied for his pension benefit from the VGNA Plan, Volvo representatives failed to give him a breakdown of how Volvo had calculated his benefit.

30. Based on his refusal to sign the documents at the time of his retirement, Defendants have refused to provide Mr. Knepper with all of the benefits to which he is entitled.

31. Defendants calculated Mr. Knepper's benefit payable from the Contributory Pension Plan by using wages from prior to 1991 to determine his "Highest Final Average Wages."

32. The Highest Final Average Wages are the five consecutive years with the highest average wage.

33. Defendants incorrectly used earnings from 1987 to 1991 and are providing Mr. Knepper a monthly benefit of $148.53 from the Contributory Pension Plan.

34. Defendants should have used the highest final average wage for the five years leading up to Mr. Knepper's retirement.

35. Defendants should use Mr. Knepper's highest final averages wages from 2005 to 2009, which would provide him a monthly benefit of $294.29.

36. Defendants have consistently calculated the benefits of other participants using average wages at the time of retirement for other similarly situated employees.

37. The corporate benefits administration of Mack had previously provided Mr. Knepper estimates of his Contributory Pension Plan benefit which calculated the estimated benefit by using his Highest Final Average wages at the time.

38. As required by the terms of the plan, Mr. Knepper is entitled to receive his Contributory Pension Plan benefits as either a lump sum payment or an annuity.

39. However, Mr. Knepper was not offered the option to choose the lump sum payment.

40. Defendants have not provided Mr. Knepper any annual statements of the Contributory Pension Plan since 2003.

41. Defendants have failed to provide Mr. Knepper with critical plan documents for years prior to 1994 even though Mr. Knepper has requested them and such documents exist.

42. Mr. Knepper chose to retire on August 1, 2013 because he was accepting an incentive bonus offered by VGNA for him to retire.

43. At the time of his retirement on August 1, 2013, Mr. Knepper enrolled in the UAW Retirees of Mack Trucks Health Benefit Fund.

44. Defendants were aware that Mr. Knepper retired on August 1, 2013.

45. However, Defendants refuse to provide Mr. Knepper benefits for his actual retirement date.

46. Instead, Defendants incorrectly began providing benefits based on a retirement date almost three years later.

47. As a result, Defendants now owe plaintiff approximately thirty-four (34) months of retirement benefits from his Non-Contributory Pension Plan, his Contributory Pension Plan, and the UAW/Mack Plan.

48. Defendants provided Plaintiff multiple packages stating what options he was entitled to in relation to his retirement benefits. These multiple packages contained different options and information that contradicted other packages.

49. Plaintiff was therefore unable to properly determine or reasonably understand the benefits and options to which he is entitled.

50. Without accurate information about his retirement benefits, Plaintiff could not make an educated decision on which options to choose to receive his benefits.

51. Despite being denied benefits to which he is entitled, Mr. Knepper currently receives monthly benefits from his UAW retirement benefit.

52. However, Defendants failed to correctly calculate Mr. Knepper's monthly benefit for his UAW plan.

53. Defendants are aware that they are providing Mr. Knepper a lower amount per month than he is entitled under the terms of the plan.

54. Defendants corrected this amount once in July 2017. However, even with the correction, Defendants are still providing Mr. Knepper less than the monthly benefit to which he is entitled.

## COUNT I
### Denial of Benefits and Rights

55. Plaintiff hereby re-alleges and incorporates by reference the foregoing allegations contained in the Complaint.

56. Pursuant to ERISA Section 502(a)(1)(B), Plaintiff is entitled to recover benefits due to him under the applicable plans.

57. Defendants' incorrect application of its Plan documents denies Plaintiff his rightful benefits.

58. Among the incorrect applications, Defendants have denied Plaintiff all of the benefits to which he is entitled by failing to provide the proper monetary amount, incorrectly calculating Plaintiff's benefits payment amounts and retirement date, and failing to provide Plaintiff with all options and timing of benefit payments.

59. Plaintiff made a proper claim for benefits and appeal as to the Contributory Plan, Non-Contributory Plan, and Mack/UAW Plan.

60. Defendants have denied Plaintiff benefits to which he is entitled under the terms of the plans.

## COUNT II
### Breach of Fiduciary Duty

61. Plaintiff hereby re-alleges and incorporates by reference the foregoing allegations contained in the Complaint.

62. Pursuant to ERISA Section 502(a)(3), Defendants breached their fiduciary duties under ERISA by misrepresenting Plaintiff's benefits to plaintiff and failing to provide documentation as properly requested by Plaintiff.

63. Plaintiff reasonably relied on Defendants' misrepresentations to his mistake and detriment, which included, but was not limited to, receiving lower monetary payouts for his benefits than he is entitled.

64. Defendants' conduct was inequitable and reasonably caused Plaintiff to be mistaken about the terms of the Plan. Defendants' statements to Plaintiff with regard to his benefits entitlement were deceptive.

65. In addition, Defendant has failed to provide Plaintiff, as a participant in the Plans, documentation that he has requested and to which he is entitled pursuant to 29 U.S.C. § 1024(b)(4).

66. Specifically, in October 2013, Plaintiff sent a letter to Mercer, the VGNA Plan's administrator, requesting a copy of the Plan document for the VGNA Plan. Plaintiff also requested the documents directly from Defendants through written correspondence (email) in October 2013. Plaintiff also requested the documents via written correspondence (from his counsel) to Defendants in September 2016.

67. Defendant has failed to provide all requested documents, including but not limited to, the VGNA Plan document in effect at the time of Plaintiff's retirement.

## COUNT III
### Violation of Section 502(c)

68. Plaintiff hereby re-alleges and incorporates by reference the foregoing allegations contained in the Complaint.

69. ERISA authorizes penalties against plan administrators, such as VGNA here, for failing to provide pension plan documents upon written request of an employee (or representative of an employee).

70. Plaintiff is entitled to a monetary penalty against VGNA for its failure to timely produce Plan documents upon Plaintiff's written request.

71. Among other Plan and Plan-related documents, Plaintiff requested from VGNA, in writing, copies of the MACK-UAW Contributory Pension Plan document from before the MACK-VGNA merger.

72. Plaintiff, through counsel, made this written request on or around September 7, 2016 through correspondence from his counsel to VGNA.

73. Plaintiff also made a written request (via email) for the Mack Contributory Pension Plan document on or around October 29, 2014.

74. VGNA and representatives of the VGNA Benefits Center and Benefits Committee responded that they could not provide this document to Plaintiff because they could not locate the document.

75. Plaintiff is entitled to penalties, as authorized by Section 502(c)(1) of ERISA, 29 U.S.C.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests to following relief:

Damages in the amount of the difference to which Defendants owe Plaintiff for benefits from the Contributory Plan from August 1, 2013 to the present;

Damages in the amount of the difference to which Defendants owe Plaintiff for benefits from the Non-Contributory Plan from August 1, 2013 to the present;

Damages in the amount of the difference to which Defendants owe Plaintiff for benefits from the Mack/UAW Plan from August 1, 2013 to the present;

Equitable relief requiring Defendants to properly calculate all benefits owed to Plaintiff in the future;

In the alternative to monetary relief under Section 502(a)(1)(B), to the extent the Court finds that the Plans do not provide for the benefits sought by Plaintiff in this action by their express terms, Plaintiff seeks equitable relief in the form of equitable estoppel and reformation of the Plans to conform to the Defendants' historical practice of paying the higher quantum of benefits to similarly situated participants;

Daily penalties for each day VGNA failed to provide Plaintiff with Plan documents upon his written request, starting no later than October 29, 2014;

Attorneys' fees and costs;

Pre-judgment interest;

Post-judgment interest; and

Any other legal or equitable relief to which the Court deems just and proper.

Dated: September 17, 2018               Respectfully Submitted,

*/s/ Matthew R. Gardner*
Matthew R Gardner (D. Md. # 19759)
Jason H. Ehrenberg (D. Md. #16481)
BAILEY & EHRENBERG PLLC
1015 18th Street, N.W.
Suite 204
Washington, D.C. 20036
Tel:  (202) 331-1331
Fax:  (202) 318-7071
mrg@becounsel.com
jhe@becounsel.com